**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **RAED ATEF LISHAA FERIZ** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-cv-01543** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM AND ORDER**

Petitioner Raed Atef Lishaa Feriz was taken into United States Immigration and Customs Enforcement ("ICE") custody in the Middle District of Tennessee on October 15, 2026, and immediately transferred to the Western Tennessee Detention Facility in Mason, Tennessee. (Doc. No. 10 at 1). For the reasons stated herein, Petitioner's pending Verified Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

Petitioner, through counsel, initiated this habeas action on October 15, 2026, by filing the present Verified Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging that he is being unlawfully detained and denied a bond hearing by Respondents in violation of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. (*See* Doc. No. 1).

Petitioner has resided in the United States since February 2024. (*Id.* ¶¶ 10-12). Petitioner appeared before the Memphis Immigration Court for immigration review on or about February 29, 2024. (*Id.* ¶ 11). Thereafter, the Department of Homeland Security ("DHS") released Petitioner from custody subject to conditions of supervision that included reporting to ICE as directed. (*Id.* ¶ 12). On July 18, 2024, Petitioner filed a petition seeking classification as a Special Immigrant Juvenile under 8 U.S.C. § 1101(a)(27)(J). (*Id.* ¶ 14). On October 11, 2024, United

States Citizenship and Immigration Services (USCIS) approved the petition and further determined that Petitioner "warrant[s] a favorable exercise of discretion to receive deferred action," placed him in deferred action, and stated that the grant "will remain in effect for a period of four years from the date of this notice unless terminated earlier by USCIS." (*Id.*). Petitioner thereafter obtained employment authorization from DHS valid from December 30, 2024, through October 11, 2028.

On July 11, 2024, Petitioner filed an application for asylum on the grounds of religion, membership in a particular social group, and the Convention Against Torture, including his fear of harm in Egypt on account of his Coptic Orthodox Christian faith. (*Id.* ¶ 17). Petitioner's most recently scheduled hearing before the Memphis Immigration Court was set for June 17, 2027. However, at the time the petition was filed, the online case portal did not list a next hearing date. (*Id.*).

No immigration judge has entered a final order of removal against Petitioner. (*Id.* ¶ 18). Petitioner states that his removal proceedings remain open, and his claims for relief from removal — including asylum, withholding of removal, and protection under the Convention Against Torture, as well as termination of proceedings so that he may pursue adjustment of status as a Special Immigrant Juvenile — remain available to him and unresolved. (*Id.*).

Petitioner reported to ICE on March 11, 2025, and October 3, 2025, and was directed to report on October 15, 2026. (*Id.* ¶ 12). When he reported to ICE in Nashville, Tennessee, on October 15, 2026, he was detained. (*Id.* ¶ 13). Petitioner was immediately taken from Nashville to the Western Tennessee Detention Facility in Mason, Tennessee, and, on October 17, 2026, he was transferred to the River Correctional Center in Ferriday, Louisiana, where he remains. (Doc. No. 10 at 1).

On November 17, 2026, the Government filed a response to the Petition. (Doc. No. 10). The Government concedes that the Sixth Circuit's ruling in *Lopez-Campos v. Raycroft,* 175 F.4th 713 (6th Cir. 2026) "controls the outcome of this matter." (*Id.* at 2). In *Lopez-Campos*, the Sixth Circuit held that governmental detentions of aliens subject to 8 U.S.C. § 1226(a) without bond hearings are unlawful and violate the Due Process Clause of the Fifth Amendment. 175 F.4th at 734. The Government concedes that, on October 15, 2026, Petitioner requested a bond hearing, and that no hearing has taken place or been scheduled. (*See* Doc. No. 10 at 2 (citing Petition, Doc. No. 1 ¶ 21)). The Government requests additional time to schedule a bond hearing. The request is not well taken.

"ICE's decision to detain [Petitioner] without a bond hearing violated that liberty interest [to be free from detention], which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release." *Chavez Ortiz v. West Tennessee Detention Facility*, 2026 WL 2455344, at *2 (W.D. Tenn. Aug. 21, 2026) (citing *Villafranca Lara v. Ladwig*, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).")); *see also Cardona v. Ladwig*, 2025 WL 3722009, at *7 (M.D. Tenn. Dec. 23, 2025) (ordering Petitioner's immediate release rather than a bond hearing after finding he was unlawfully detained under 8 U.S.C. § 1225(b)(2)). Therefore, consistent with *Lopez-Campos*, *Chavez Ortiz*, and *Villafranca Lara*, and after consideration of the record, the Petition (Doc. No. 1) is **GRANTED**.

For the reasons stated above, the Petition is **GRANTED** to the extent it requests the immediate release of Petitioner. Respondents are **ORDERED**, at the Government's expense, to transfer Petitioner back to the Middle District of Tennessee by no later than 12:00 noon CST on

Friday, November 20, 2026, with all possessions, property, and documents that Petitioner had at the time he was taken into custody. Immediately following Petitioner's return to this District, Respondents are **ORDERED** to release Petitioner from custody. Respondents are **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2). Respondents are **FURTHER ORDERED** to file a status report and certification of compliance with this Order within **two business days**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE